IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Jackie Whisnant, | ) | Civil Action No. 0:05-680-CMC-JRM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Bedlie, Inc. d/b/a Carolina Paint Stores, | ) | **REPORT AND RECOMMENDATION** |
| and Kennon W. Fitch, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This is an employment discrimination case. Defendants filed a motion to dismiss and a motion for summary judgment. Plaintiff did not respond to the motions, and the parties entered into mediation. the mediation was successful, and on April 20, 2006, the parties entered into a written "Mediation Agreement" signed by the parties, respective attorneys, and the mediator. Defendants tendered a partial payment to plaintiff, but thereafter refused further compliance. Defendants also ceased all communication with counsel. On June 12, 2006, plaintiff filed a motion to compel enforcement of the Mediation Agreement. A hearing was held on November 14, 2006. Defendants' counsel appeared but neither Keenan W. Fitch nor a representative of Bedlie, Inc. appeared.[1]

Plaintiff has moved the Court to enforce the Mediation Agreement. The undersigned concludes that the motion should be granted. The Mediation Agreement is a part of the record. It states:

> The parties to this action have mediated their dispute this 20th Day of April 2006, and have resolved all issues. The Defendants will be paying the sum of 75,000.00 (seventy five thousand & no/100) Dollars to the Plaintiffs (sic) in full and final satisfaction of all causes of action against the Defendants. The Defendants shall tender within a reasonable time such payment along with a Release which shall be properly executed by the plaintiffs. Subject to the following:

---

[1] The motions of defendants' counsel to be relieved were denied.

1. The Plaintiff shall sign a confidentiality agreement; provided however she can disclose necessary information to her tax advisor. Should she violate the agreement she shall repay all amounts received, waive any balance due, & be responsible for any reasonable attorney fee, costs & expenses incurred by Defendants to enforce it.

2. The settlement amount shall be paid:

    a. 15,000.00 when closing documents are presented
    b. balance paid of 10,000 per month, payable on the 10th of each month, beginning 6-10-06, until paid in full or 11-10-06.

3. The Defendants shall sign a Confession of Judgment, not to be filed unless there is a default in payments. Payments shall be made to Plaintiff's legal counsel.

4. The Settlement is for all causes of action in Plaintiff's complaint, dated 3-3-05, & includes all attorney fees, costs & expenses, all any & all claims arising out of Plaintiff's employment.

5. The settlement amount shall be allocated 70% to the tort/contract claims and 30% to Title VII compensatory damages.

A trial court has "inherent authority to enforce a settlement agreement and to enter judgment based on an agreement without a plenary hearing." Petty v. Timken Corp., 849 F.2d 130, 132 (4th Cir. 1988). "[T]he court cannot enforce a settlement until it concludes that a complete agreement has been reached and determines the terms and conditions of the agreement." Hensley v. Alcon Laboratories, Inc., 277 F.3d 535, 540 (4th Cir. 2002).[2]

---

[2]To exercise its inherent power to enforce a settlement agreement, a district court (1) must find that the parties reached a complete agreement and (2) must be able to determine its terms and conditions. Moore v. Beaufort County, 936 F.2d 159, 162 (4th Cir. 1991); Ozyagcilar v. Davis, 701 F.2d 306, 308 (4th Cir. 1983). If there is a factual dispute over the existence of an agreement or over the agreement terms, the district court may not enforce a settlement agreement summarily. See Alexander v. Industries of the Blind, Inc., 901 F.2d 40, 41 (4th Cir. 1990); Millner v. Norfolk & W. Ry. Co., 643 F.2d 1005, 1010 (4th Cir. 1981). When such a factual dispute arises, the district court must hold a plenary evidentiary hearing in order to resolve the dispute. Millner, 643 F.2d at 1009. Findings must be made on the issues in dispute. See Ozyagcilar, 701 F.2d at 308.

Although there is a strong presumption against finding a binding agreement when the parties expressly contemplate the future preparation and execution of a formal contract document, see Phoenix Mut. Life Ins. Co. v. Shady Grove Plaza Ltd. Partnership, 734 F. Supp. 1181, 1188 (D. Md. 1990), aff'd, 937 F.2d 603 (4th Cir. 1991), the intent to draft a formal settlement agreement "does not prevent the formation of a contract if the evidence demonstrates that the parties intended to be bound." Sadighi v. Daghighfekr, 66 F. Supp. 2d 752, 762 (D.S.C. 1999). "In deciding whether a settlement agreement has been reached, the Court looks to the objectively manifested intentions of the parties[,]" not the parties subjective intentions. Moore v. Beaufort County, N.C., 936 F.2d at 162.

Here, the Mediation Agreement shows that the parties intended to be bound, and defendants made a payment of $5,000 toward the $15,000 initial installment, but have made no further payments and have refused to execute any closing documents.

## **Conclusion**

Based on a review of the record, it is recommended that: (1) plaintiff's motion to enforce the Mediation Agreement be granted; (2) specific deadlines be established for execution of documents called for by the Mediation Agreement and for payment of the remaining $70,000 owing by defendants to plaintiff; and (3) defendants' motions to dismiss and for summary judgment be denied as moot.

                                      Respectfully submitted,

                                      s/Joseph R. McCrorey  
November 15, 2006                  United States Magistrate Judge  
Columbia, South Carolina