IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| **Jackie Whisnant,** )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>**Bedlie, Inc., d/b/a Carolina Paint Stores,** )<br>**and Kenneth W. Fitch,** )<br>)<br>Defendants. )<br>_____) | **C/A No. 0:05-680-CMC-JRM**<br><br>**OPINION AND ORDER** |

Mediation was conducted in this employment discrimination case and the parties entered into a written "Mediation Agreement" on April 20, 2006.[1] The Mediation Agreement was made a part of the record and shows, in part, that Defendants are to pay Plaintiff $75,000, and sets out the payment terms. After a partial payment of $5,000, however, Defendants have failed to make any further payments and have ceased all communication with counsel. On June 12, 2006, Plaintiff filed a motion to compel enforcement of the Mediation Agreement and a hearing was held on November 14, 2006. Defendants' counsel appeared but neither Defendant made an appearance. In accordance with this court's order of reference, 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(g), this matter was referred to United States Magistrate Judge Joseph R. McCrorey for a Report and Recommendation. The Magistrate Judge filed his Report and Recommendation on November 15 , 2006.

This court is charged with making a *de novo* determination of any portion of the Report and Recommendation of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The court reviews only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416

---

[1] Defendants had filed a motion to dismiss and a motion for summary judgment but Plaintiff had not responded to the motions at the time of the mediation agreement. Both motions are pending.

F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

Based on his review of the record, the Magistrate Judge has recommended that (1) Plaintiff's motion to enforce the Mediation Agreement be granted; (2) specific deadlines be established for execution of documents called for by the Mediation Agreement and for payment of the remaining $70,000 owing by Defendants to Plaintiff; and (3) Defendants' motions to dismiss and for summary judgment be denied as moot. No objections to the Report have been filed by any party and the time for doing so has expired.

After reviewing the entire record and the Report and Recommendation of the Magistrate Judge, the court finds no clear error. Accordingly, the Report and Recommendation of the Magistrate Judge is adopted and incorporated by reference.

**IT IS HEREBY ORDERED** that Plaintiff's motion to enforce the Mediation Agreement is GRANTED; and it is

**FURTHER ORDERED** that the following deadlines are established: (1) January 19, 2007, for execution of documents called for by the Mediation Agreement; and (2) January 31, 2007, for payment of the remaining $70,000 owing by Defendants to Plaintiff; and it is

**FURTHER ORDERED** that Defendants' motions to dismiss and for summary judgment are DENIED as moot.

**IT IS SO ORDERED**.

    s/ Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
December 27, 2006

C:\temp\notesFFF692\05-680 Whisnant v. Bedlie, et al. - mo to compel mediation agreement granted - dmb.wpd